# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIST L. SANDERS, | 1:06-cv-01823-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| THE DIRECTOR OF DEPARTMENT OF CORRECTIONS, et al., | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On November 25, 2008, the court issued an order requiring plaintiff to either file an amended complaint or notify the court of his willingness to proceed on the claims found cognizable by the court. (Doc. 17.) The thirty day period has now expired, and plaintiff has not filed an amended complaint, submitted a notice to the court, or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh

---

[1] The United States Postal Service returned the order on December 5, 2008 as undeliverable. A notation on the envelope indicates "Return to Sender, Unable to Identify as Addressed." However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1  the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the
2  court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the
3  availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on
4  their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet,
5  963 F.2d 1258, 1260-61 (9th Cir. 1992)).

6  "'The public's interest in expeditious resolution of litigation always favors dismissal,'"
7  id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the
8  action has been pending for over two years. Plaintiff's failure to keep the Court apprised of his
9  current address may reflect Plaintiff's lack of interest in prosecuting his case. In such an instance,
10 the Court cannot continue to expend its scarce resources assisting a litigant who has not taken
11 steps to ensure that he will receive the Court's mail. Thus, both the first and second factors
12 weigh in favor of dismissal.

13 Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in
14 and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently
15 increases the risk that witnesses' memories will fade and evidence will become stale," id., and it
16 is Sanders' failure to notify the Court of his current address that is causing delay. Therefore, the
17 third factor weighs in favor of dismissal.

18 As for the availability of lesser sanctions, at this stage in the proceedings there is little
19 available to the Court which would constitute a satisfactory lesser sanction while protecting the
20 Court from further unnecessary expenditure of its scarce resources. Sanders is proceeding in
21 forma pauperis in this action, making monetary sanctions of little use, and given the early stage
22 of these proceedings, the preclusion of evidence or witnesses is not available. However,
23 inasmuch as the dismissal being considered in this case is without prejudice, the Court is
24 stopping short of issuing the harshest possible sanction of dismissal with prejudice.

25 Finally, because public policy favors disposition on the merits, this factor will always
26 weigh against dismissal. Id. at 643.

27 Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
28 plaintiff's failure to obey the court's order of November 25, 2008.

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
3  after being served with these findings and recommendations, plaintiff may file written objections
4  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
5  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
6  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
7  (9th Cir. 1991).

         IT IS SO ORDERED.

         **Dated:    January 16, 2009              /s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE